ERVIN, J.,
dissenting.
I respectfully dissent, because it is impossible for me to determine from the judge’s order, finding that claimant did not suffer a compensable injury, whether he considered work reports, which may have corroborated both the testimony of the attending physician and claimant that claimant’s preexisting back condition was aggravated by the employment. Moreover, the JCC’s acceptance of the testimony of the employer’s witnesses may have resulted in an erroneous conclusion that the claimant was provided assistance in performing heavy lifting while he was on light-duty status. For these reasons, I would reverse the order of denial and remand the case to the JCC for additional findings.
Claimant Stewart Gutkin, an automobile mechanic, experienced back pain while lifting a fence at his home, several days before his reported industrial accident of October 13, 2000. He was treated at a local medical center for a muscle pull in his back. He returned to work for the employer on October 9, 2000, with a note directing him to perform light-duty work. Claimant testified that he informed his service supervisor that because of his back *582 condition, he was unable to take out and put in automobile transmissions, weighing 100-150 pounds. Notwithstanding his requests for work within his restrictions, he stated he was told to carry out such responsibilities.
The record reveals work orders were given claimant for the dates of October 9-12, 2000, with a notation specifically made on the last order that he had worked on a transmission for 5.9 hours. On October 12, claimant returned to the medical center, complaining of additional pain, and tests were performed on his back. Thereafter, he resumed employment, again with instructions to work only light duty, while, as he testified, continually afflicted with pain. On October 81, 2000, claimant consulted a neurosurgeon, Dr. Thomas Freeman, reporting symptoms of groin pain, back pain, and partial loss of feeling in his legs. Claimant’s history included his report of injury at home, followed by immediate pain in the low back area. Claimant said he continued to work, performing light work when permitted, but his condition worsened to such an extent that he went home early every day. An MRI of claimant’s lumbar spine showed a bulging disk at L3^1 Dr. Freeman opined claimant had a herniated disk with symptoms of lumbar stenosis and a conus syndrome. Claimant’s, condition .progressed to the point of impotence, incontinence, and loss of feeling in his legs. He underwent surgery in January 2001, which corrected his incontinence, but he continued to experience back pain and leg weakness. Since the surgery, claimant has been seen by a psychiatrist and pain management physicians.
During his deposition, Dr. Freeman was shown medical records of claimant’s prior back condition, which predated by nearly a year claimant’s reported work-related injury. When asked whether these records indicated that claimant had an ongoing, preexisting degenerative lower back condition or herniation as of the date of the industrial accident, Dr. Freeman responded that the earlier visits appeared to be muscular in nature, and while there may have been some evidence of a prior disk problem, the condition seemed to him only very minor, and that the prior back symptoms, which occurred in 1999, had resolved by October 2000. Dr. Freeman opined that the major contributing cause of claimant’s disability and need for treatment was the aggravation of claimant’s prior lumbar condition. He based his opinion in large measure on both claimant’s history and three work notes, which indicated to him that claimant had returned to work in a heavy-duty capacity. Claimant’s supervisors denied that claimant had been assigned such work, and testified that an hourly technician was available to assist claimant, if needed.
The JCC found that claimant provided a confusing chronology of events relating to his alleged industrial accident, the actual date of the alleged injury, and the alleged disability. He concluded that the non-work-related injuries, which occurred prior to the asserted date of the employment injury, constituted the major contributing cause of claimant’s back condition and his need for medical care and treatment. The JCC rejected Dr. Freeman’s opinion regarding causation, stating that it was based on claimant’s unsubstantiated testimony that he had performed unassisted lifting activities upon his return to work. The JCC accepted instead the testimony of claimant’s supervisors, Randy White and Ron Scott, that claimant was assigned one or more assistants to perform collateral lifting. Accordingly, the claim was denied in its entirety.
It should be noted that Dr. Freeman’s testimony was the only medical opinion *583 presented to the JCC on the issue of causation. It is well settled that a JCC may not reject unrefuted medical testimony without providing a sufficient reason. See Jefferson v. Wayne Dalton Corp/Hartford, 793 So.2d 1081, 1084 (Fla. 1st DCA 2001); Turner v. G. Pierce Wood Mem. Hosp., 600 So.2d 1153, 1157 (Fla. 1st DCA 1992). Accord Ackley v. Gen. Parcel Serv., 646 So.2d 242, 246 (Fla. 1st DCA 1994) (“Where causation is established by unre-futed medical testimony, the JCC may not reject the testimony unless a sufficient reason is provided for doing so.”). Moreover, medical evidence is essential to establish causation of a non-observable injury, such as that at bar. See Closet Maid v. Sykes, 763 So.2d 377, 383 (Fla. 1st DCA 2000) (en banc).
While the JCC gave as the reason for his rejection of Dr. Freeman’s opinion “claimant’s unsubstantiated testimony” that claimant was required to perform unassisted heavy lifting on his return to work, relying instead on the representations made by claimant’s supervisors, the reasons given, in my judgment, are insufficient. First, no explanation was offered at all of the effect of the work reports, which Dr. Freeman had in part relied on, revealing that claimant had worked on automobile transmissions during the critical times at issue. Second, the JCC’s reliance on the supervisors’ testimony that claimant was assigned assistants to perform lifting activities did not refute claimant’s testimony that, although such assignment had been made, the designated helper had been called away to work in another part of the shop, leaving claimant alone to remove and install the heavy transmissions, despite the light-duty notes. Indeed, both of the supervisors were unaware whether claimant had, in fact, received the assigned assistant, because they did not personally observe, nor were they otherwise made aware, that such assistance had been provided.
In my judgment, the JCC’s order fails to meet the test required by this court as a precondition to his rejection of an unrefut-ed medical opinion. As this court observed in Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071, 1082 (Fla. 1st DCA 2003): “[T]he JCC who is thorough enough to note reasons for acceptance of certain medical testimony will make clear that he or she has not simply ignored contrary opinions. An order thus drafted should be well-provisioned for appellate review.” Although, as stated, only one medical opinion was before the JCC below, the instructions of Chavarria appear altogether relevant to the case before us as to our review of an order in which it is unclear whether the JCC overlooked critical evidence in the record that may support a contrary conclusion.
I would therefore reverse the JCC’s order of denial and remand this case to the JCC with directions that he revise his findings for the purpose of aiding this court in achieving an informed review over the order entered.